# 11-1839-cr

## 11-1761-cr

To Be Argued by:
Louis V. Fasulo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

―――――――――――――――

Docket No. 11-1839-cr
―――――――――――――――

UNITED STATES OF AMERICA

-APPELLEE-

-against-

Lamar Thompson, Tyquan Morris, Emanuel Velasquez, Steven Buono, Kevin A. Huffman, Jr., Antoine Evans, Ronnell Garmie, Isaiah Presley, Daron Thompson, Severne Watson, Joel Richards, Diana Cordero, Camelin Morris, John Salabarria, Kisha Miller, Phylicia S. Evans, Kenron Mitcheel, Anthony Manigault, John Butler, Tiras Segrede

-DEFENDANTS-

Tyrese Morris, Stanley Jackson, Kenneth Manigault, Anthony Manigault,

-DEFENDANT-APPELLANTS-
―――――――――――――――

APPEAL FROM A FINAL JUDGMENT
OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――――

BRIEF FOR APPELLANT STANLEY JACKSON
―――――――――――――――――――――――――――――――――――

Louis V. Fasulo
225 Broadway, Suite 715
New York, NY10007
(718) 2983-1977
Attorney for Defendan

# **Table of Contents**

Table of Authorities………………………………………………………………..ii

Jurisdictional Statement……………………………………………………………1

Question Presented…………………………………………………………………2

Preliminary Statement…………………………………………………………...3

Statement of Facts……………………………………………………………….4

Legal Argument……………………………………………………………….6

Conclusion…………………………………………………………………...10

Certificate of Compliance………………………………………………………11

# **Table of Authorities**

Dorsey v. United States, 132 S.Ct. 2321 (2012)……………………………....3, 5, 6

Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372………..2, 3, 4, 5, 6, 7, 8

Kimbrough v. United States, 552 U.S. 85 (2007)……………………………..6, 8

U.S.S.G. § 2D1.1(c)(8) (Fed. Sent. Guidelines Manual 2009)………..................7

U.S.S.G. §§ 2D1.1(c)(9), (10), (11) (Fed. Sent. Guidelines Manual 2011)……..7, 8

U.S.S.G. § 3E1.1…………………………………………………………….....7, 8

U.S.S.G. Sentencing Table……………………………………………….......4,  7

# JURISDICTIONAL STATEMENT

Defendant-Appellant appeals as of right pursuant to Rule 3(a)(1) of the Federal Rules of Appellate Procedure from a final judgment of the United States District Court for the Southern District of New York (Castel, K.P.) dated and filed April 26, 2011, convicting Defendant of violating 21 U.S.C. § 841(b)(1)(C) Conspiracy to Distribute Narcotics and sentencing him to 151 months imprisonment, followed by 3 years of supervised release.  This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.  Jurisdiction of this action was in the District Court pursuant 18 U.S.C. § 3231.  Timely notice of appeal was filed on April 29, 2011.  The index was sent to this Court by the District Court on May 4, 2011.  Louis Fasulo, Esq. was continued as appellate counsel pursuant to the Criminal Justice Act.

# QUESTION PRESENTED

1.      Should the Defendant-Appellant have been sentenced under the Guidelines pursuant to the Fair Sentencing Act of 2010, P.L. 111-220, August 3, 2010, 124 Stat. 2372?

## **PRELIMINARY STATEMENT**

Appellant-Defendant filed a notice of appeal from a judgment of the United States District Court for the Southern District of New York convicting him, upon his plea of guilty, to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(C). The District Court sentenced him to a prison term of 151 months, followed by 3 years of supervised release. This Court continued trial counsel as appellate counsel under the Criminal Justice Act.

Congress passed the Fair Sentencing Act of 2010 to reduce the USSG's disparity between crack cocaine and powder cocaine, which previously employed a 100:1 ratio, and directing the Sentencing Commission to lower the guidelines accordingly. The FSA was signed into law on August 3, 2010. On June 21 2012, the Supreme Court held in Dorsey v. United States, 132 S.Ct. 2321 (2012), that the provisions of the FSA apply retroactively. Mr. Jackson was indicted pre-FSA, and sentenced post-FSA but pre-Dorsey.

By the clear language of Dorsey, Mr. Jackson should have been sentenced under the post-FSA guidelines. Mr. Jackson was sentenced on April 26, 2011 and the Supreme Court ruled on Dorsey on June, 21 2012.

## STATEMENT OF FACTS

**Mr. Jackson's plea, the PSR, and the sentence.**

On May 20, 2009, Mr. Jackson was arrested and arraigned on an indictment charging him and others with conspiring to distribute narcotics in violation of 21 USC §841(b)(1)(A). On March 18, 2010 Mr. Jackson pleaded guilty to 21 U.S.C. §841(b)(1)(C), and a weight of at least 5 grams but less than 20 grams of cocaine base, pursuant to a plea agreement with the Government.

Following Mr. Jackson's guilty plea, the United States Probation Department submitted a final Pre-Sentencing Report on March 29, 2011 (hereinafter "PSR "). In that report, Probation noted that absent the career offender enhancement, Mr. Jackson would otherwise be a level 21, in criminal history category VI, suggesting a guideline range of 77-96 months. See PSR ¶ 30(a)(a)(a) and (b)(b)(b), p. A-18 ; U.S.S.G. Sentencing Table. However, the Probation Department calculated the defendant's base offense level at 32 because Mr. Jackson was deemed a career offender for his two prior felonies. Probation calculated an adjusted offense level of 29 and a criminal history category VI, for a guideline range of 151-188 months incarceration. See PSR ¶ 30(c)(c), p. A-18; U.S.S.G Sentencing Table.

On August 3, 2010 the FSA was signed into law, directing the Sentencing Commission to lower the guidelines for crack offenders. Mr. Jackson was

sentenced on April 26, 2011 under the pre-FSA guidelines. On June 21 2012, the Supreme Court held in <u>Dorsey v. United States</u>, 132 S.Ct. 2321 (2012), that the provisions of the FSA apply retroactively

On March 30, 2012 Mr. Jackson moved for a re-sentencing under the FSA, arguing that post-FSA guidelines are relevant and should be considered in Mr. Jackson's sentencing.

The District Court denied Mr. Jackson's motion on August 2, 2012 to be re-sentenced under the guidelines as modified by the FSA, and declined to consider the new guidelines, affirming Mr. Jackson's sentence of 151 months, 3 years post-release supervision, and a $100 special assessment. Mr. Jackson remains incarcerated to this day.

# LEGAL ARGUMENT

## Mr. Jackson Should Have been Sentenced Pursuant to the Fair Sentencing Act of 2010 and the Subsequently Revised Guidelines for Crack Offenders

In Mr. Jackson's motion for re-sentencing, he requested the District Court to re-sentence him under the retroactive provisions of the Fair Sentencing Act of 2010. The District Court denied the request, thus depriving Mr. Jackson of a fair and proper sentencing proceeding. The relevant guidelines the District Court reviewed before Mr. Jackson was sentenced were incorrect and inconsistent with the provisions of the FSA. The District Court's order denying Mr. Jackson's motion for re-sentencing was based on Mr. Jackson's stipulation to the guidelines suggested by the career offender enhancement, and his qualification for the career offender enhancement.

Under Dorsey v. United States, Mr. Jackson was entitled to be sentenced under the new sentencing guidelines promulgated by the Sentencing Commission for crack offenders. See generally 132 S.Ct. 2321 (2012). Dorsey held that Congress intended for the FSA's provisions to apply retroactively. Id. Under Kimbrough v. United States, the District Court must consider the guideline range in fashioning a sentence; however the judge may determine that a guideline sentence, even if stipulated to, is greater than necessary. See 552 U.S. 85 (2007).

At the time of Mr. Jackson's sentencing, Probation had determined his guideline base offense level (absent career offender) as 24 because the offense involved at least 5 grams but less than 20 grams of cocaine base. With a timely acceptance of responsibility his offense level was lowered to 21 (again, absent career offender). U.S.S.G. § 2D1.1(c)(8) (Fed. Sent. Guidelines Manual 2009); U.S.S.G. § 3E1.1; PSR ¶ 30(a)(a)(a) and (b)(b)(b), p. A-18. An offense level of 21 in criminal history category VI suggests a guideline range of 77-96 months. U.S.S.G. Sentencing Table.

However, applying the provisions of the FSA retroactively, Mr. Jackson's guidelines would have been considerably less. The Sentencing Commission's newly promulgated guidelines in response to the FSA reconstructed the crack weight tables completely. Now, Mr. Jackson's weight allegations fall under three potential base offense levels. At least 5.6 grams but not more than 11.2 of cocaine base assigns a base offense level of 18. At least 11.2 grams but not more than 16.8 assigns a base offense level of 20. At least 16.8 but not more than 22.4 assigns a base offense level of 22. See U.S.S.G. §§ 2D1.1(c)(9), (10), (11) (Fed. Sent. Guidelines Manual 2011).

| Weight | Base Offense Level |
|---|---|
| 5.6-11.1 grams of cocaine base | 18 |
| 11.2 – 16.7 grams of cocaine base | 20 |
| 16.8 – 22.3 grams of cocaine base | 22 |

7

Assuming, arguendo, that Mr. Jackson's weight allegation falls in between 5.6 grams and 11.2 grams (the Government stipulated to, and the PSR stated, the weight fell between 5 and 20 grams), and he timely accepted responsibility, his offense level would have been 15. U.S.S.G. §§ 2D1.1(c)(9); U.S.S.G. § 3E1.1. An offense level of 15 in criminal history category VI suggests a guideline range of 41-51 months, significantly lower than the 77-97 months of his previous guideline range (absent career offender).

Mr. Jackson submits that if the District Court had this information at sentencing, and considered the astronomical difference between 41-51 months and the 151-188 months the career offender enhancement suggested, the District Court would have perceived the enhancement as excessive and not sentenced Mr. Jackson pursuant to the career offender enhancement. Instead, the District Court denied Mr. Jackson's motion for re-sentencing simply, and exclusively, based on the fact that his guideline range was 151-188 months as suggested by the career offender enhancement. As held in Kimbrough, the guideline range is just one consideration of sentencing, and Mr. Jackson argues that if the District Court had the lower guidelines promulgated by the Sentencing Commission in the wake of the FSA for consideration at the time of sentencing, the 151-188 month guideline range would have been deemed inappropriate and greater than necessary. See 552

8

U.S. 85 (2007). The District Court erred in relying strictly on the guideline range in denying Mr. Jackson's motion for re-sentencing.

Thus, Mr. Jackson requests that his sentence be vacated and remanded, so that the District Court may have all relevant and appropriate information at the time of Mr. Jackson's sentencing, in addition to affording defense counsel, armed with the new and applicable guidelines, the opportunity to re-argue on behalf of Mr. Jackson.

## **CONCLUSION**

For the foregoing reasons, we respectfully submit that Mr. Jackson's sentence should be vacated and his case remanded for resentencing pursuant to the Fair Sentencing Act of 2010 and <u>Dorsey v. United States</u>.

# **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,524 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(b) because it has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 point in Times New Roman type font.

Dated:    New York, NY
          March 19, 2014

                                                   __s/_____
                                                   Louis V. Fasulo, Esq.